**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PATRICK MULLONEY,

      Plaintiff,

v.                                     Case No: 8:13-cv-2783-T-30TBM

FLORIDA DEPARTMENT OF
TRANSPORTATION,

      Defendant.

_____

## ORDER

      THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #10) and Plaintiff's Response in Opposition to the Motion (Dkt. #17). Upon review and consideration, the Court concludes that the Motion should be granted in part and denied in part.

### *Background*

      Plaintiff filed his complaint against Defendant Florida Department of Transportation ("FDOT") alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et. seq*. The Defendant filed a Motion to Dismiss the original complaint. In response, the Plaintiff filed an Amended Complaint. In his Amended Complaint, Plaintiff alleges that he was discriminated against based on his sex and that he suffered retaliation from his employer in response to filing a sexual harassment complaint.

*Discussion*

### I.    Motion to Dismiss Standard

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).   However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   On the contrary, legal conclusions "must be supported by factual allegations."   *Id.*   Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.

### II.    Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's claims on the basis that he fails to plead a cause of action for discrimination on the basis of sex and for retaliation. It argues that Plaintiff's claims do not state sufficient facts to maintain these causes of action and that he failed to exhaust his administrative remedies prior to filing the complaint.

#### a.  Plaintiff's Sexual Discrimination Claims

The FCRA makes it unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1)(a). Florida courts have held that decisions construing Title VII are applicable when considering claims under the FCRA because the Florida act was patterned after Title VII. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (citing *Ranger Ins. Co. v. Bal Harbour Club, Inc.,* 549 So. 2d 1005, 1009 (Fla. 1989)).

Under Title VII, an employee must first establish a prima facie case for disparate treatment by showing that (1) he is a member of a protected class, (2) he was subjected to adverse employment action, (3) his employer treated similarly situated employees more favorably, and (4) he was qualified to do the job. *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008). Further, "[w]hen a plaintiff alleges discriminatory discipline, to determine whether employees are similarly situated, [the court] evaluate[s] whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Burke–Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (internal quotations omitted).

In Counts I and III of the Amended Complaint, Plaintiff alleges that he was discriminated against based on his sex.  He was accused of inappropriately touching a female employee and his employer terminated him as a result. Plaintiff denies the accusation. However, a female employee who holds a similar position to his and who was accused of touching male employees inappropriately on multiple occasions was not terminated from her position.

Defendant's arguments that Counts I and III should be dismissed for Plaintiff's failure to allege that he was replaced by someone outside the protected class and because he fails to establish a proper comparator are misplaced. In work-rule violation cases, a Title VII plaintiff may establish a prima facie case by showing either that he did not violate the work rule, or that he "engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against [him] were more severe than those imposed upon other employees who engaged in similar misconduct." *Jones v. Gerwens*, 874 F.2d 1534 (11th Cir. 1989).

The Plaintiff does not have to allege that he was replaced by another employee outside of his protected class if he alleges that other employees, who were not members of his protected class, remained in similar positions under "nearly identical" circumstances. *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984) ("a plaintiff fired for misconduct makes out a prima facie case of discriminatory discharge if he shows that he was qualified for the job from which he was fired, and 'that the misconduct for which [he] was discharged was nearly identical to that engaged in by [an employee outside the protected class] whom [the employer] retained").

The Defendant has alleged sufficient facts to establish that he is a member of a protected class, that he suffered an adverse employment action, and that he was treated differently than another similarly situated female employee. However, Plaintiff does not allege that he was qualified for the Engineering Specialist IV position from which he was terminated, and therefore has not sufficiently stated this cause of action.   Therefore, the Court will dismiss Counts I and III without prejudice. The Court will grant leave to the

Plaintiff to amend that portion of the Amended Complaint to sufficiently allege his sexual discrimination claims.

### b. Plaintiff's Retaliation Claims

To establish a prima facie case of retaliation under Title VII and the FCRA, the plaintiff must show that (1) he engaged in a statutorily protected activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action. *McCann*, 526 F.3d at 1375; *Carter v. Health Mgmt. Associates*, 989 So. 2d 1258, 1262 (Fla. 2d DCA 2008). "Because this provision of the FCRA is almost identical to its federal counterpart, 42 U.S.C. § 2000e–3(a), Florida courts follow federal case law when examining FCRA retaliation claims"). A plaintiff satisfies the third element if he demonstrates that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *McCann,* 526 F.3d. at 1376 (alterations omitted). A plaintiff must demonstrate that the decision maker was aware of the protected activity at the time that the adverse decision was made. *Id.* at 1376. Further, close temporal proximity between the protected activity and adverse action can satisfy the burden of demonstrating causation. *Thomas v. Cooper Lighting, Inc*., 506 F.3d 1361, 1364 (11th Cir. 2007).

In Counts II and IV, Plaintiff alleges that he suffered retaliation for "having objected to and reported sexual harassment" by a female employee and was discharged as a result. He also complained of disparate treatment and sex discrimination between himself and "others who were female" at the FDOT. Lastly, he alleges that he filed a sexual harassment complaint on or about June 27, 2012, and was terminated as of July 26, 2012. These

allegations, viewed in the light most favorable to Plaintiff, are sufficient to state a claim for retaliation. They allege a protected activity, an adverse employment action, and a causal connection through temporal proximity between the protected activity and the adverse employment action.

### c. Administrative Remedies

To bring suit for discrimination under the FCRA or Title VII, a plaintiff first must exhaust his administrative remedies by filing a timely discrimination charge with the appropriate commission. *Poulsen v. Publix Super Markets*, Inc., 302 Fed. Appx. 906, 907 (11th Cir. 2008); Fla. Stat. § 760.11(1). Plaintiff filed a dual charge of discrimination with the EEOC and the Florida Commission of Human Relations ("FCHR"). The charge, which Plaintiff attached to the Amended Complaint, states that he sought relief for sexual discrimination and retaliation. Plaintiff filed the charge on April 9, 2013. The EEOC issued a Notice of Rights Letter on April 30, 2013. However, as of the filing of the original complaint the Plaintiff had not received a response from the FCHR. Further, he filed the original complaint less than 180 days after the filing of the charge as required by law. *See* Fla. Stat. § 760.11(4), (5).

Although Plaintiff's initial complaint was premature as to his FCRA claims, by the time he filed his Amended Complaint, more than 180 days had passed since the filing of the charge. Further, he alleged that he has met all conditions precedent "necessary to the filing of the federal complaint" and that "more than 180 days has passed since the filing of the charge and that agency has not made any finding on the charge." Therefore, the Court will deny the Motion to Dismiss on these grounds.

Defendant also argues that the Plaintiff failed to properly allege all of his claims in the EEOC charge, and is therefore barred from alleging the claims in the Amended Complaint. The starting point of ascertaining the scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation. *Anderson v. Embarq/Sprint*, 379 Fed. Appx. 924, 926 (11th Cir. 2010). "A Title VII plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the administrative charge of discrimination." *Id.* Further, "[j]udicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). *See also Anderson*, 379 Fed. Appx at 926.

However, "allegations of new acts of discrimination, offered as the essential basis for the requested judicial relief, are not appropriate." *Wu*, 863 F.2d at 1547. Nonetheless, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460-61 (5th Cir. 1970). As such, "the scope of an EEOC complaint should not be strictly interpreted." *Id.* at 465. On the charge form, Plaintiff checked the boxes for discrimination based on sex and retaliation. Plaintiff's allegations in the Amended Complaint sufficiently relate to and amplify the allegations in the charge. Therefore, Plaintiff has sufficiently alleged that he has exhausted his administrative remedies as to his gender discrimination and retaliation claims.

*Conclusion*

Plaintiff's Amended Complaint fails to state a cause of action for sexual discrimination since Plaintiff did not allege that he was qualified for the position from which he was terminated. The Court will grant Plaintiff leave to amend the Amended Complaint to allege sufficient allegations to properly state a cause of action under Counts I and III. Plaintiff does state a sufficient cause of action for retaliation under Counts II and IV and has sufficiently alleged that he exhausted his administrative remedies prior to filing the Amended Complaint.

It is therefore ORDERED AND ADJUDGED that:

1.  Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #10) is GRANTED in part and DENIED in part.

2.  Counts I and III of the Amended Complaint are dismissed without prejudice.

3.  Plaintiff may file a Second Amended Complaint to more properly allege Counts I and III within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of January, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2783 mtd 10.docx